IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SNOW LEOPARD CHINA TYLER, on behalf of himself and all persons similarly situated in the North Omaha Negro Community, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 8:08CV129 |
| Plaintiff, | | MEMORANDUM AND ORDER |
| v. | | |
| THE TERM LIMIT STATUTE OF THE STATE OF NEBRASKA, | | |
| Defendant. | | |

Plaintiff filed his Complaint in this matter on March 27, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I.     CLASS REPRESENTATIVE**

The Complaint lists one named Plaintiff, Snow Leopard China Tyler ("Tyler"). (Filing No. 1 at CM/ECF p. 1.) However, Tyler also seeks to bring the Complaint on behalf of "all persons similarly situated in the North Omaha Negro Community." (*Id.*) Pro se litigants may not represent other parties, even in class action proceedings. *See Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Allnew v. City of Duluth*, 983 F.Supp. 825, 831 (D. Minn. 1997) ("To this extent, we join those Courts which have determined that the rights and interests of potential class members are of too critical importance to be entrusted to a litigant who is not ably assisted by fully competent legal counsel. While one may elect to risk his or her own rights and interests by

self-representation, jeopardizing the rights of all who may fall within the putative class is a far more daunting consideration.").

Tyler therefore cannot serve as class representative for any purported class of "persons similarly situated in the North Omaha Negro Community" and this action will not proceed as a class action. No individual other than Tyler has signed the Complaint. (*Id.* at CM/ECF p. 2.) As such, this action will proceed only with Tyler as Plaintiff.

## II. INITIAL REVIEW OF COMPLAINT

### A. Summary of Complaint

Plaintiff filed this action on March 27, 2008 against one Defendant, "The Term Limit Statute of the State of Nebraska." (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff seeks an order "enjoin[ing] preliminarily and permanently the operation of Nebraska term limit law." (*Id.*) Plaintiff alleges that "said statute" violates the Civil Rights Act of 1964 because it is a "racist discriminatory law" which was "passed by 46 white legislators" and "depriv[es] the denizens of North Omaha their Constitutional Right to choose their Representative." (*Id.* at CM/ECF pp. 1-2.) Plaintiff further alleges that "the law" is a "violation of every Bill of Rights, Constitution, Law, Statute, Ordinance, Policy, Practice, Procedure enshrined in the pantheon of liberty." (*Id.* at CM/ECF p. 2.)

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that

2

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.    Discussion of Claims**

Even with the most liberal construction, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff has listed a statute as the only Defendant. Claims asserted pursuant to 42 U.S.C. § 1983 must be asserted against a "person." A statute is not a "person" under 42 U.S.C. § 1983. *See Wilson v. The Post Conviction*

3

*Hearing Act*, 321 F. Supp. 1234, 1235 (W.D. Pa. 1971) (dismissing complaint as frivolous and noting that a statute is not a person under Section 1983 "and is otherwise an improper defendant under the Federal Rules of Civil Procedure"). Further, Plaintiff does not allege that he was deprived of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced." *Stringer*, 446 F.3d at 802. Rather, Plaintiff's Complaint consists of nothing more than a list of unsupported conclusions about the Defendant-statute including that it is a "racist discriminatory law," and that it violates "every Bill of Rights, Constitution, Law, Statute, Ordinance, Policy, Practice, Procedure enshrined in the pantheon of liberty." (Filing No. 1 at CM/ECF p. 2.) Such allegations are insufficient and Plaintiff's Complaint fails to state a claim upon which relief may be granted.

    IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2);

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. The Clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

DATED this 19th day of May, 2008.

                                    BY THE COURT:

                                    s/Laurie Smith Camp
                                    United States District Judge